## MONTGOMERY v. THE DELAWARE INS. CO.

1. BURDEN OF PROOF.—Upon consideration of the charge with reference to the issues raised by the pleadings, so much thereof as instructs the jury that the burden of proving an allegation of ownership of plaintiff, denied by defendant, coupled with allegation of ownership in a third person is on defendant, is not prejudicial error.

2. CHARGE as to want of necessity to reform contract in equity not on facts.

3. INSURANCE—EVIDENCE—ACTS—CONDUCT.—Consent by insured to removal of insured property may be shown by acts and conduct after loss.

4. IBID.—IBID.—IBID.—IBID.—WAIVER—BAR.—If through mistake of agent property of wife is insured in name of husband, who did not claim the property, but upon loss and information of agent that it was so insured, he made out proofs of loss and brought suit in his own name and afterwards discontinued it, that would not be a bar to suit by wife, and declarations and acts of insurer's agents to him with reference to the property would be binding on insurer for benefit of wife.

5. IBID.—WAIVER—CHARGE.—Under the facts in this case that property insured was not in location in which insured at time of insurance, and that it was removed to another location and there destroyed, it was not error to charge that the removal of the property from the location it was in when insured would not violate the contract of insurance, as defendant had not alleged such removal as a defense.

6. REHEARING refused.

Before KLUGH, J., Marion, November, 1902.   Affirmed.

Action by Mary J. Montgomery against The Delaware Insurance Co. From judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox,* for appellant, cite: *As to burden of proof:* McKelvey on Ev., 50; 1 Green. on Ev., 7 ed., 99.  *As to waiver of removal:* 28 Ency., 531; 96 U. S., 572; 144 U. S., 439; 100 Mass., 382.  *As to waiver of right to set up defense of removal of property:* Big. on Estop., 2 ed., 69, 70; 1 May on Ins., 4 ed., 8; 54 Am. R., 631.

*Messrs. Jas. W.* and *J. M. Johnson,* contra.   The former cites: *Insured may introduce evidence to show mistake in proofs of loss:* 16 Ency., 96.  *Appellant cannot ask the Court to reverse order of nonsuit on ground not made on Circuit:* 3 Wait's Prac., 161, 162.  *Waiver applies in case like this:* 55 S. C., 1; 37 S. C., 68; 43 S. C., 26, 79; 51 S. C., 180, 540; 53 S. C., 224; 54 S. C., 599; 57 S. C., 358.  *Suit by husband here is not bar to suit by wife:* 6 Ency. P. & P., 986.  *Agent may make waiver with reference to property:* 16 Ency., 908; 1 May on Ins., sec. 70a; 57 S. C., 358; 60 S. C., 486; 63 S. C., 297; 56 S. C., 508; 61 S. C., 448.  *As to waiver of for-feiture:* 60 S. C., 48; 43 S. C., 26; 143 U. S., 496; 51 S. C., 547.  *As to pleading and taking advantage of estoppel:* 8 Ency. P. & P., 6; 42 S. C., 351; 52 S. C., 411.

The opinion in this case was filed August 4, 1903, but remittitur held up on petition for rehearing until

November 24, 1903.   The opinion of the Court was delivered by

MR. R. W. SHAND, ACTING ASSOCIATE JUSTICE, *in place of* MR. JUSTICE WOODS, *disqualified.*   This is an action on a policy of fire insurance. The complaint alleged the incorporation of defendant; the agency of Montgomery & White

for the defendant at Marion, in 1898, and prior thereto; the application of plaintiff, by her husband and agent, J. D. Montgomery, to the defendant's said agents, for insurance against loss by fire on certain machinery and other appliances of a printing office for one year to the amount of $500; that defendant agreed to become such insurer, and received from plaintiff $17.50, the premium therefor; that the property so insured was destroyed by fire on 2 December, 1896; that plaintiff was the sole owner of the property so destroyed; and that the defendant was duly notified of the loss immediately after it occurred, but has failed and refused to pay the same.

The answer admitted the incorporation of defendant and the agency of Montgomery & White, but alleged that the business of the agency was conducted solely by J. B. White, and that W. J. Montgomery, the other partner, had no knowledge of the circumstances under which the alleged contract was made, denied all other allegations of the complaint; and it further alleged that the defendant never insured said property as the property of plaintiff, but as the property of J. D. Montgomery; that J. D. Montgomery had brought suit as sole owner upon this insurance and loss; and that the property was insured "while located and contained in the two-story frame shingle roof building on west side of Main street, Marion, S. C., and that such location was changed without the consent of defendant, and the property was burned in another building at another location.

There was testimony to show that plaintiff was the owner of the property insured; that application was made to J. B. White by J. D. Montgomery for this insurance, whose recollection was that he "stated exactly what he wanted. I wanted insurance for $500 on this particular property of Mrs. M. J. Montgomery;" that White gave him a memorandum of charge against "Mrs. M. J. Montgomery," including the item, "January 24, '96, $500. P. & C.—D.—$17.50 pd.;" and that on another policy in name of plaintiff, White had entered a memorandum of charges, including the item,

26—67

"January, Press, $17.50." There was also testimony as to waiver by defendant of removal by full knowledge before the fire and by acquiescence afterwards. The proof of loss was made by J. D. Montgomery in his own name. No testimony was introduced by defendant except the record in the case of J. D. Montgomery against this same defendant (see 55 S. C., 1, 32 S. E. R., 723), on cross-examination of J. D. Montgomery, a witness for plaintiff. That action was discontinued before this was commenced in May, 1902. J. D. Montgomery was asked on cross-examination, "why subsequently to that did you sue the company claiming it to be yours?" To this the witness replied: "I had no evidence except verbal statements from Major White as to the condition I was in. I went to him for the insurance and paid my money. The only evidence I ever had from him as to whether I was insured or not was the receipt. That is the only evidence I had as to whether I was insured or not, only his verbal statement. As to what company I was in, I never knew. I never asked the question. When the fire took place he was notified, and the agent came—the adjuster came—and the matter was investigated. I was informed by Major White, or Mr. Glover, through him, that the only record of any insurance of this property was on what is known as the register. That was in my name. Therefore, the suit was brought to correspond with the register, I take it."

Defendant moved for a nonsuit, which was refused. The jury returned a verdict in favor of plaintiff for $716, and defendant appealed.

Defendant's first ground of appeal complains of error in not granting the nonsuit. There being some evidence tending to show that plaintiff and not her husband was insured, and to show waiver by the company of objection to the removal of the property insured, the nonsuit was properly refused. Indeed, counsel for appellant frankly stated his own doubt as to any merit in this ground of appeal.

The second ground of appeal alleges error in not granting

a new trial, but the record does not show that any such motion was refused or even made.

The third ground alleges error in eight particulars, designated by letters, but appellant practically abandons subdivisions b and h. Subdivision a is as follows: "(a) In charging the jury, 'The defendant alleges that this property was insured, not in the name of Mary J. Montgomery, but in the name of J. D. Montgomery, and that Mary J. Montgomery was not insured at all by the defendant. The defendant must prove that by the preponderance of the evidence.' The complaint alleged that Mary J. Montgomery was insured, and the answer denied this, and alleged that J. D. Montgomery was insured. It is submitted that it was required of the plaintiff by the preponderance of the testimony to prove the allegation of her complaint denied in the.answer, to wit: that she was insured." Immediately preceding the sentence of the charge quoted in this exception, his Honor charged the jury as follows: "In a civil case, a party who alleges a fact material to the case must prove it. And so a plaintiff that comes into Court and alleges that the defendant is indebted to him in a certain way, setting out the facts out of which the indebtedness arises, is bound to prove the allegations necessary to establish his claim by the preponderance of the evidence. And in this case the plaintiff must prove what she alleges in this complaint in reference to the insurance of her property by the defendant, and the destruction of the property while the insurance was in force, and the failure of the defendant to pay its obligations arising upon the destruction of the property. If she establishes those facts, she is entitled to a verdict, unless the defendant defeats her right to recovery by something which it alleges on its part." The Code of Procedure (sec. 170) requires an answer to contain: "A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. 2. A statement of any new matter constituting a defense or counter-claim." No new matter

is properly pleaded in an answer, unless it constitutes a defense or unless it constitutes a counter-claim. Pom. Rem., sec. 593. There is no counter-claim in this case; and there is no new matter on the issue of ownership constituting a defense. The allegation of ownership by J. D. Montgomery of the property insured, is a mere argumentative denial, which was badly pleaded, because no more than an allegation of evidence admissible under a general denial. Pom. Rem., sec. 630. If there had been no general denial in the answer, this allegation of the answer would, on motion, have been required to be made more definite and certain. Bliss on Code Pleading, sec. 425. But where such allegation of a fact, merely inconsistent with those stated by plaintiff, is pleaded in an answer which contains a denial, such allegation may "be stricken out as redundant or disregarded as surplusage." Bliss Code Pl., sec. 333. In this case, the answer contained a denial of plaintiff's ownership of the property, coupled with the allegation that J. D. Montgomery was the owner. This latter allegation, not having been stricken out as redundant, should have been regarded as surplusage, in no way affecting the burden resting upon plaintiff to show that Mary J. Montgomery and not some other person was the owner of the subject of the insurance. For a fuller discussion of this matter, see Bliss Code Plead., secs. 327-338; Pom. R. & R. R., secs. 690-692, and chap. 4, sec. 3, subd. V.; Bailey Onus Probandi, pp. 597, 598. Our conclusion, therefore, is that his Honor erred in instructing the jury that defendant must prove by the preponderance of the evidence "that this property was insured, not in the name of Mary J. Montgomery, but in the name of J. D. Montgomery, and that Mary J. Montgomery was not insured at all by the defendant."

Subdivision c alleges that the Judge's modification of defendant's third request to charge: "became in effect a charge upon the facts, in violation of the Constitution, indicating his opinion of the effect of the testimony."

2     We do not think the charge can be so construed.

This exception was as follows: "(c) In that the presiding Judge, in charging defendant's third request, 'If the agent, though mistaken, insure one person when he should have insured another, the person who should have been insured cannot sue in an action at law on a contract of insurance that should have been made without first having the contract re-formed and corrected in a court of equity,' it is submitted, erred in modifying same in the particular.    'But I think you will not have any difficulty about going into the court of equity about re-formation of the contract,' because the modification became in effect a charge upon the facts, in violation of the Constitution, indicating his opinion of the effect of the testimony, and taking away from the jury the consideration of the question that M. J. Montgomery had, by mistake of the agent, not been insured, and that, therefore, she could not recover in an action at law upon a contract without first re-forming it in a court of equity."

This Court having held in *Montgomery* against *The Delaware Insurance Company,* 55 S. C., p. 7, 32 S. E. R., 623, that consent to removal may "be given by acts and conduct even after loss," subdivision d of this ground of appeal is also overruled.

Subdivisions e and f are based upon alleged error in the Judge's charge on defendant's 6th and 7th requests.    We quote the charge upon these requests in full: " 'VI. If a party acts for his wife in insuring, and could insure for her by insuring in her own name, and acts as her agent in adjusting her loss in his name, and makes demand for her in his name, she would be bound by a suit instituted for recovery in his name as a suit for her by her agent or express trustee.'    That might be true, gentlemen of the jury, if the suit was expressly instituted by him as trustee or agent of his wife, but it could not be true otherwise.    And if that was the case, and the suit had gone into final judgment on the merits of the case, it might be a bar; but not otherwise.    If that appears as the facts of this case, then that would be a proposition of law applicable to the case,

and controlling in the case; but if it should appear to you, from the facts of the case, that there has been another suit in this case by the husband of the plaintiff in reference to the insurance, and that suit was terminated by a discontinuance of the suit and not by the judgment of the Court in determining the rights of the parties, and determining that the plaintiff was not entitled to recover, but by a discontinuance—something that does not determine the rights of the parties at all—then it could not be a bar, either to the agent himself, J. D. Montgomery, to renew the suit, and specially not to the plaintiff, if she were his principal, or his *cestui que* trust, the party for whom he was trustee.

" 'VII. If the acts of J. D. Montgomery did not bind M. J. Montgomery in all respects as to taking out insurance, suing on the policy in his name, and dealing with the adjuster, Mrs. M. J. Montgomery cannot treat the acts of the adjuster as transactions with her, redounding to her benefit as matters of waiver.' I cannot charge you that, because if the acts of the adjuster, or his declarations, or dealings, or conduct were made solely with reference to J. D. Montgomery as a person, that might be correct; but if they were made with reference to this property, then whatever binding effect they might have on the company, so far as the property was concerned, would redound to the benefit of the owner of the property, or, at least, to the party that was actually insured against loss by insurance of the property. So, if the matter is true in this case, that there were such acts, or declarations, or transactions of the adjuster in reference to the property, then Mary J. Montgomery can claim the benefit of that, just as if she had been the actual party with whom the adjuster was dealing at the time." J. D. Montgomery testified that he made proof of loss and brought action in his own name, because informed by the agent of defendant "that the only record of any insurance of this property was on what is known as the register," and "that was in my name;" that he never claimed the property in his own name except as he was made to do in the proof of loss, and that he claimed it

was his wife's property from the time he bought it. With this testimony before the Court, the defendant cannot complain that the Judge instructed the jury that the former action might be a bar to this action if it had gone into final judgment, but not otherwise. Bigelow Estoppel (2d edit.), pp. 24, 25; Freeman on Judg., secs. 261, 262. If through the agent's mistake and without fault on the part of J. D. Montgomery, entry was made on the register of the husband's name instead of the wife's, and the husband thereafter thought it necessary, by reason of this erroneous entry, to make proof of loss and bring action in his own name, and afterwards, upon further advice, discontinued such action before judgment entered, we do not think that such proof of loss and action instituted would estop the wife from claiming the insurance money in action afterwards instituted in her own name. And at the time and under the same circumstances, we think that the declarations and acts of the company's authorized agents made to the husband in his own person in relation to the property insured, while he was in fact acting as to this same property in the interest of his wife, the real owner, would be as binding upon the company as if made to the wife. There was testimony on all these matters; whether established as facts was left to the jury. The charge of the Judge correctly declared the law in answer to the defendant's sixth and seventh requests.

Subdivision g of the third ground was as follows: "(g) In charging plaintiff's eighth request: 'If the jury conclude from the evidence, that said property was not located in said two-story building at the time defendant assumed the risk, then the removal of the property from other location would not violate the contract of insurance, as defendant has not alleged such removal as a defense to plaintiff's action;' and charging, 'Rather in this case, the defendant not having alleged it, it would not give to the defendant the right to prove it, and rely on it in this case. And with that correction, I charge you that,' because it makes no difference where the property was actually located,

it is where defendant assumed the risk, and removal from or absence from the place is sufficient to avoid the insurance, and removal from one place to another cannot be excused, because the removals did not begin from the place where defendant assumed the risk, and the defendant did allege that the property was removed from the two-story building where it assumed the risk, and had the right to prove it and to rely on it in the case, because it was the effect of the removal, to wit: the absence of the property from the place of assumption of risk, and not the act of removal, that was material." The building described in the eighth request of plaintiff, and known as the McKerrall building, was also described in the company's daily report of the insurance of the property in the name of J. D. Montgomery, and repeated in the answer. The oral testimony was to the effect that it had been in such building at the time of a former insurance, but had been removed about eight months prior to January, 1896, to another building, the Morris Clarke building, with the knowledge and consent of defendant's agents, and was there in January, 1896, when this insurance was effected. Some time afterwards it was removed to the Stackhouse building, with the knowledge of the agents, and was there burned; and also that the adjusting agent said after the fire, "that he was not going to take any exception to that." The question here is whether the Judge erred in charging the jury as above quoted. We think not. There was no allegation in the answer of insurance in the Clarke building or of removal therefrom, and such removal was not an issue in the cause. The defendant got the benefit of the law of removal and of destruction at a location other than that at which insured, by his 8th, 9th, 10th, 11th and 12th requests, under which the Judge charged substantially that the defendant would not be liable for a loss by fire at a location other than that at which it was when insured, unless the defendant had waived its right to object to the removal by consent given before or after, or by acquiescence.

By reason of the error declared in the charge of the Judge,

as alleged in subdivision "a" of the 3d ground of appeal, I think a new trial should be had; but, inasmuch as the Court is equally divided upon that question, the judgment of the Circuit Court must be affirmed.

MR. JUSTICE JONES *concurs.*

MESSRS. CHIEF JUSTICE POPE and JUSTICE GARY. We concur in all the conclusions announced in the opinion of Mr. Justice Shand except so much thereof as sustains assignment of error "a" in the third ground of appeal, where the charge of his Honor, the Circuit Judge, is considered with reference to the issues made by the pleadings, it is free from error in the particular complained of.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be affirmed

PER CURIAM. After a careful examination of the within petition, this Court is satisfied that no material question either of law or of fact has been overlooked or disregarded.

It is, therefore, ordered, that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.